UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KHOA HOANG,

    Plaintiff,

v.

TRIDENT SEAFOODS CORP., *et al.*,

    Defendants.

Case No. C06-1158RSL

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL DISCOVERY AND DENYING MOTION TO SHORTEN TIME

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion to compel defendant to produce vessel crew lists. For the reasons set forth below, the Court grants the motion in part and denies it in part. Plaintiff has also filed a motion to shorten time to require defendant to provide, on an expedited basis, a crew list for the most recent relevant trip. The Court denies that motion.

## II. DISCUSSION

**A.  Motion to Compel.**

Plaintiff asserts a claim for Jones Act negligence, alleging that he was injured while working as a crew member aboard the defendant vessel. Request for Production 5 requests that defendant produce crew lists for the vessel, including the individuals' positions, last known

1 address and phone number for the three trips during which plaintiff was allegedly injured and
2 exacerbated his injury. The request also requires that if plaintiff subsequently requests,
3 defendant must produce "next of kin and emergency contact [information] for persons on said
4 crew lists whose address and/or phone information is no longer valid after inquiry by plaintiff."
5 The three trips occurred in August 2003, July 2005, and January 2006. Counsel states that he
6 has conferred with opposing counsel prior to filing this motion but the parties were unable to
7 resolve the matter.

8 Defendant objects to the request on the grounds that it is not relevant to plaintiff's claim,
9 particularly because there were no witnesses to plaintiff's alleged injuries. Defendant also notes
10 that it has provided the last known contact data for individuals identified by plaintiff as
11 potentially knowledgeable. Plaintiff argues that he "needs to talk to other crew members to try
12 to corroborate his version of events and/or dispute defendants' version, including the conditions
13 on the vessel due to the weather at the time of the initial injury and treatment delay, his
14 complaints of pain to those who knew him at various times after his return, and the facts of the
15 two exacerbations." Plaintiff's Motion at p. 2. Given the liberal discovery rules and the realities
16 of a fishing vessel, plaintiff has shown that the lists could lead to the discovery of admissible
17 evidence.

18 Defendant also alleges that the request is onerous, overbroad, designed solely to harass
19 defendant, and would invade the privacy of hundreds of its employees. The vessel is a large
20 factory trawler, so each crew list includes approximately 125 people. However, there is some
21 overlap among the three lists, and the number is not exorbitant. Nor has defendant shown that
22 compiling the data, which is readily available in its personnel files, would be *overly*
23 burdensome.

24 Defendant also notes that one witness whose contact information was provided to
25 plaintiff's counsel "complained that he was called and harassed about speaking with Mr. Luhrs,
26 despite his expressed wish not to do so, at 10:30 at night." Defendant's Opposition at p. 3. This

1 statement is unsupported hearsay. Regardless, such conduct, while unacceptable, does not
2 warrant denying plaintiff any additional contact information. Instead, the Court directs that the
3 parties must not harass potential witnesses or contact them before 9:00 a.m. or after 9:00 p.m.
4 unless they have been explicitly authorized to contact specific witnesses at other times.
5 Furthermore, plaintiff and his counsel may not disseminate the contact information or use it for
6 any purpose other than to conduct discovery in this case.

Finally, to protect the privacy of defendant's employees and their loved ones, the Court will not order defendant to disclose the names and contact information of the employees' next of kin and emergency contact designees. Plaintiff should have other, less intrusive means of discovering their current contact information rather than disturbing individuals who have no connection to this litigation.

**B.     Motion to Shorten Time.**

Plaintiff requests that the Court order defendant to provide a crew list for the most recent trip on an expedited basis, on the same day that it is required to provide the other two crew lists, even though he made the request for the third list later. The Court denies the motion because defense counsel states that counsel did not talk about this issue in person or via telephone before plaintiff filed this motion. Furthermore, plaintiff has not shown good cause for this relief. He alleges that unless defendant provides the list early, very little time would remain between the June 10, 2007 production deadline and the July 8, 2007 discovery cutoff. That situation, however, is entirely of plaintiff's making. Also, the interim one month period is sufficient for plaintiff to contact witnesses.

### III. CONCLUSION

For all of the reasons set forth above, plaintiff's motion to compel (Dkt. #14) is GRANTED IN PART AND DENIED IN PART. Plaintiff's motion to shorten time (Dkt. #16) is

1  DENIED.

        DATED this 7th day of June, 2007.


                                    *signature*
                                    Robert S. Lasnik
                                    United States District Judge

ORDER REGARDING MOTION TO COMPEL
AND MOTION TO SHORTEN TIME - 4