UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KHOA HOANG,

    Plaintiff,

v.

TRIDENT SEAFOODS CORP., *et al.*,

    Defendants.

Case No. C06-1158RSL

ORDER DENYING MOTION
FOR A PROTECTIVE ORDER

## I. INTRODUCTION

This matter comes before the Court on defendants' motion for a protective order (Dkt. #41). Defendants seek to quash the June 25, 2007 Rule 30(b)(6) deposition notice to defendant Trident Seafoods Corporation ("Trident") and the June 26, 2007 notice of deposition for four other Trident employees. For the reasons set forth below, the Court denies the motion.

## II. DISCUSSION

Defendants have not certified that they met and conferred with opposing counsel prior to filing this motion as required by Local Rule 37 and Federal Rule of Civil Procedure 26(c). The failure to make that certification is all the more startling in light of the fact that the Court has admonished plaintiff three times for filing discovery motions without first meeting and conferring. Defendants argue that the requirement does not apply to motions for a protective

ORDER DENYING MOTION FOR
A PROTECTIVE ORDER - 1

order, but Federal Rule of Civil Procedure 26(c) specifically states that a motion for a protective order must be "accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Accordingly, because the motion contains no such certification, it is denied.

Defendants have also violated the Court's rules by filing their motion without a proposed order and by including all of their arguments in counsel's declarations rather than in memoranda in violation of Local Rule 7(b)(1). Furthermore, it is inappropriate to include argument in declarations. The Court will not strike the filings as plaintiff requests because it prefers to consider issues with the benefit of a complete record. However, any future improper filings will be stricken, and future violations of the Court's rules may result in sanctions.

Even if counsel had conferred, the Court would deny the motion. Defendants object to the timing of the Rule 30(b)(6) deposition, noted for July 3, because it was noted for just days prior to the discovery deadline of July 8, 2007. Noting depositions for the final days of the discovery period, however, is not atypical or improper. Defendants also object to the deposition notices because they were served while defense counsel was on vacation, after they had served a notice of unavailability. However, defense counsel's absence during the final two weeks of discovery does not justify a moratorium on discovery. Defendants could have, but apparently chose not to, seek a continuance of the depositions until after counsel returned from vacation rather than filing this motion. Also, it appears that plaintiff's counsel requested depositions regarding at least some of the deposition topics and witnesses over a month prior to service of the deposition notices. Defendants also argue that they only received five business days notice of the Rule 30(b)(6) deposition. Under the circumstances and after counsel had been discussing the issues for some time, the notice was reasonable.

Defendants also argue that plaintiff seeks to depose several witnesses on numerous Rule 30(b)(6) topics during the height of fishing season. However, defendants may designate a single witness to lessen the burden on them, or seek an agreement to conduct the deposition after the

ORDER DENYING MOTION FOR
A PROTECTIVE ORDER - 2

conclusion of fishing season.

They also argue that discovery should be limited to the discovery set forth in the parties' June 25, 2007 stipulation (Dkt. #38). In that stipulation, however, the parties agreed to a limited extension for purposes of conducting some depositions after the discovery deadline. The stipulation does not reflect an agreement to limit the scope of discovery.

Defendants further object to the scope of the Rule 30(b)(6) deposition. They argue that the practices of their other facilities are not relevant and plaintiff is not entitled to information from 1995 through 2003. Seven of the eleven listed topics, however, are narrowly tailored. Declaration of Kenneth Karlberg, (Dkt. #42), Ex. 1 (requesting, for example, "Persons with knowledge of factual basis for any claim that (aside from his wrench slipping off a bolt) plaintiff did not follow correct procedure in performing the job he was performing at the time of his 8/22/03 accident and injury"). Although defendants allege that the first four listed topics should be limited to information regarding the vessel, there is no evidence that the machines, gloves, or job duties were any different at Trident's other facilities. Nor have defendants provided any evidence to show that speaking to the listed topics will be unduly burdensome.

Defendants also object to the notice of depositions for the other four witnesses because service was improper. However, defendants had previously and explicitly stated that three of the four employees were speaking agents of the company and should not be contacted on an *ex parte* basis. Corrected Declaration of George Luhrs, (Dkt. #55-5), Exs. A, B. The fourth witness is a company manager. Accordingly, the Court will not quash the notices based on allegedly improper service.

Finally, the recent filings in this case show that the rancor between counsel has risen to an unacceptable level, undermining their ability to resolve issues in mutually beneficial ways or to effectively advocate their positions in filings. Counsel are reminded of the admonition in the Introduction to the Civil Rules that "judges in this district are very concerned about professionalism among attorneys, especially in the conduct of discovery." The Court expects a

ORDER DENYING MOTION FOR
A PROTECTIVE ORDER - 3

higher level of professional courtesy and respect in counsel's interactions and in their filings. Also, in the hope that in-person meetings will result in increased civility, counsel must meet and confer *in person* and certify to the Court that they have done so prior to filing any additional motions regarding discovery or for extensions of time.

### III. CONCLUSION

For all of the reasons set forth above, defendants' motion for a protective order (Dkt. #41) is DENIED.

DATED this 23rd day of July, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
A PROTECTIVE ORDER - 4