UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KHOA HOANG,

    Plaintiff,

v.

TRIDENT SEAFOODS CORP., *et al.*,

    Defendants.

Case No. C06-1158RSL

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO COMPEL DISCOVERY

## I. INTRODUCTION

This matter comes before the Court on plaintiff's third and fourth motions to compel discovery. Specifically, plaintiff seeks to compel responses to some of his interrogatories and requests for production, and to compel defendants to allow him to inspect the vessel a second time. For the reasons set forth below, the Court grants the motions in part and denies them in part.

## II. DISCUSSION

Plaintiff asserts a claim for Jones Act negligence, alleging that he was injured while working as a crew member aboard defendants' vessel, the F/T ISLAND ENTERPRISE. Plaintiff was one of three workers on the vessel whose jobs included maintenance and servicing of fish processing machines manufactured by Baader. Plaintiff alleges that in August 2003,

ORDER REGARDING MOTIONS TO COMPEL - 1

1 while he was torquing a bolt on a Baader fish processing machine, the vessel moved, the wrench
2 came off the bolt, and his hand struck one of the blades of the machine, injuring the back of his
3 hand. Plaintiff alleges that the injury could have been prevented if defendant had provided him
4 with cut resistant safety gloves.

**A.      Failure to Comply with Local Rule 37.**

As an initial matter, this is the fourth time that plaintiff's counsel has failed to comply with the letter and spirit of Local Rule 37 prior to filing a discovery motion. See Dkt. #32 (denying plaintiff's second motion to compel; explaining, "This is the second time that the Court has denied a discovery motion from plaintiff based on a failure to meet and confer"); Dkt. #47 (denying motion for a discovery extension because plaintiff failed to meet and confer for the third time). Counsel met and conferred on June 15 and June 20, 2007, and defendants agreed to produce additional information. Plaintiff's counsel sent a letter on June 19, 2007 asking "if the recited agreements were incorrect and to advise if further discussion could resolve any of the noted disputes." Declaration of George Luhrs, (Dkt. #37) ("Luhrs Decl."), Ex. E. Plaintiff did not wait for a response to the letter or for defendants to produce the promised documents. Instead, he filed two motions to compel on June 21.[1] The motions also include items about which counsel had already agreed. Plaintiff's Reply at p. 5 ("Plaintiff included items as to which the parties had informally agreed because plaintiff counsel [sic] was unable to obtain written confirmation of the agreements in satisfaction of Rule 29, and there was no more time before the close of discovery"). The meet and confer requirement would be meaningless if counsel were permitted to file discovery motions regarding items about which the parties had

---

[1] The Court is also troubled by the fact that plaintiff's counsel served three discovery motions and notices for multiple depositions on defendants right after defense counsel served their notice of unavailability. Although the discovery deadline was quickly approaching at that time, plaintiff could have sought agreement for a brief extension of the deadline for purposes of conducting the discovery after opposing counsel's vacation. Counsel is reminded of the admonition in the Introduction to the Civil Rules that "judges in this district are very concerned about professionalism among attorneys, especially in the conduct of discovery."

ORDER REGARDING MOTIONS TO COMPEL - 2

already agreed just days before.

Plaintiff's counsel argues that he was forced to file the motions when he did because the deadline for doing so was upon him and he had been discussing the disputed items with opposing counsel "for more than two months." Reply at p. 5. During that time, however, counsel had been addressing *other* discovery issues which for the most part are not the subject of these motions. There is no evidence that plaintiff's counsel met and conferred about the subjects of these motions until June 15, 2007, less than a week prior to the deadline for filing discovery motions. The impending deadline, therefore, does not excuse plaintiff's conduct.

In addition to violating the letter and spirit of Local Rule 37 for the fourth time, plaintiff's and his counsel's conduct has wasted the Court's and defendants' time. Many of the topics presented in plaintiff's motions were rendered moot shortly after the motions were filed once the promised documents were produced. Plaintiff's filing of these two motions, large portions of which were unnecessary, has increased the cost and vexatiously multiplied the proceedings. For these reasons, the Court finds that sanctions are warranted against plaintiff and his counsel pursuant to General Rule 3. The Court hereby sanctions plaintiff and his counsel in the amount of $500, payable to the Clerk of Court within twenty days of the date of this order. Plaintiff and his counsel are jointly and severally liable for paying the sanction.

Nevertheless, the Court will consider the remaining discovery issues in part because the deadline to file motions related to discovery has passed. If the Court were to deny the motions in their entirety, plaintiff could not seek this relief again and would be deprived of some important discovery. Also, although plaintiff filed his motions precipitously and included matters that the parties had already resolved, it is clear from the briefing that the parties discussed the remaining issues and are unable to resolve them without the Court's assistance.

**B.  Discovery Issues.**

Plaintiff requests that the Court strike defendants' opposition in its entirety because the memorandum was filed one day late. The Court will consider the memorandum because it prefers to consider the issues with the benefit of a complete record. However, in the future, such

ORDER REGARDING MOTIONS TO COMPEL - 3

1 late filings will not be accepted. The Court did not consider the portions of defense counsel's declaration that constitute argument rather than facts. Nor did it consider the unsupported assertions in defendants' memorandum.

Corrected Interrogatory No. 7: the cause of plaintiff's accident. During the meet and confer conference, defense counsel stated that Baader technicians will testify that plaintiff's failure to follow a safety procedure caused the accident. Defendants acknowledge their obligation to supplement their discovery response but argue that plaintiff's motion is premature because defendants obtained the information "only days" before the conference. Defendants' Opposition at p. 3. Defendants must provide a complete and updated response to this interrogatory.

Interrogatory No. 13; Requests for Production Nos. 30 and 31: discovery related to safety gloves for Baader technicians and assistants. Plaintiff argues that the information regarding the availability of safety gloves, receipts regarding their purchase, rules for their use, and documents regarding their feasibility are relevant to defendants' previous knowledge of the existence and feasibility of the gloves, which are key issues in this case. In response to the motion, defendants do not object based on relevance. Instead, they object to these requests on the grounds that they are overly broad and unduly burdensome because they seek information from an eight-year period regarding gloves used in facilities other than where plaintiff worked. Despite their conclusory assertion, defendants have not described how many facilities are involved, how much time it will take to gather the information, or otherwise supported their assertion that the requests are overly broad or unduly burdensome. Also, the request is appropriately limited to gloves for employees who worked on Baader machines. Defendants seek to limit their responses to this request and other requests to information regarding the vessel. However, they have not shown or argued that the machines and gloves are different at other facilities. Therefore, defendants must provide responses to these requests.

Interrogatory Nos. 11 and 14, and Request for Production No. 21: discovery related to accident and injury reports. The parties resolved their dispute regarding Interrogatory No. 11,

ORDER REGARDING MOTIONS TO COMPEL - 4

and plaintiff is not entitled to any additional information. In response to Interrogatory No. 14 and RFP No. 21, defendants have provided a list of 31 Baader technicians and assistants who have sustained injuries companywide, along with the date, location, and nature of the injury. Plaintiff also seeks those individuals' contact information, accident and injury reports, injury logs, claim or case number, and name and address of claimant's attorney. Most of the listed individuals suffered injuries wholly unrelated to the type of injury plaintiff sustained and information about those injuries is not relevant. Based on the list provided by defendants, it appears that three other individuals suffered cut injuries.[2] For those three individuals, defendants must provide their contact information, their claim or case numbers if available, any accident or injury reports, and injury logs.

Request for Production No. 16 (trial experts' files); Request for Production No. 32 (Tyron Read personnel file);[3] and Request for Production No. 36 (Baader technician contact and earnings information). Both parties state that they reached agreement on these issues during their meet and confer conference and defendants agreed to provide additional documents. Accordingly, plaintiff's request to compel production related to these requests is denied.

Request for Production No. 29 (production of OSHA "hazard assessments in existence from 8/22/03 to present and relating to servicing and maintenance of Baader 212 and other Baader machines"); Request for Production No. 35 ("all OSHA inspection reports or OSHA violations or warnings from 1/1/02 to the present"). Although defendants claim undue burden, they have not supported that claim with any evidence, declarations, or specific facts. These requests are overbroad because they seek information regarding machines other than the Baader

---

[2] The three individuals are Hans Rehbein, who apparently suffered two cut injuries, Lance Huff, and Javier Vega. Luhrs Reply Decl., Ex. H.

[3] Plaintiff argues that the parties did not reach agreement on a portion of Read's personnel file because defendants plan to redact medical information as well as "drug and alcohol information;" plaintiff does not agree to that redaction. Plaintiff's Reply at p. 4. Plaintiff has not explained how that highly personal information is relevant. Accordingly, defendants may redact it.

ORDER REGARDING MOTIONS TO COMPEL - 5

212. Plaintiff has not shown, or even argued, that other Baader machines are similar to the 212 machine or that the workers' duties in using the other machines are similar. Therefore, the Court will not compel production of documents regarding other machines. However, as to documents regarding locations other than the vessel, as plaintiff notes, the request could lead to information regarding whether safety gloves are proper safety equipment for Baader technicians or assistants. Also, as set forth above, there is no evidence that the gloves or the Baader 212 machine are different at different locations. Accordingly, for the requested time periods, defendants must provide OSHA hazard assessments related to servicing and maintenance of Baader 212 machines and documents related to OSHA inspection reports, violations, or warnings related to Baader 212 machines from all locations.

Request for Production No. 34(b): current posted warnings. Plaintiff had an opportunity to observe and photograph the warnings when he and his counsel inspected the vessel two months ago, and they can do so again when they next inspect the vessel. Defendants also state that no documents have been provided regarding warnings posted at the time of plaintiff's accident because no specific records exist regarding the warnings posted on that day. Accordingly, plaintiff is not entitled to any additional documents regarding this request.

Request for Inspection of the Vessel. Plaintiff, with his counsel, inspected the vessel on May 8, 2007. Plaintiff requests to inspect the vessel a second time. Plaintiff argues that he is entitled to a second inspection because he "was not afforded an opportunity to inspect a machine with blades at the time of the inspection, and instead was allowed only to inspect a bladeless machine due to safety concerns." Plaintiff's Motion at p. 9. Defendants dispute that plaintiff requested to inspect the machine with the blades. However, plaintiff's counsel has filed a declaration stating that he requested to inspect the machine with the blades, and defendants have not filed any declarations to support their denial. Luhrs Decl. at ¶ 17. Typically, a party is not entitled to a second inspection. In this case, however, plaintiff requested to inspect the machine with its blades, that request was denied, and there is no evidence that defendants are unable to

ORDER REGARDING MOTIONS TO COMPEL - 6

accommodate the request once the vessel returns to Seattle.[4] Under these circumstances, plaintiff is entitled to inspect the machine in a condition similar to its state at the time of the accident. Accordingly, defendants must allow a second, brief inspection for that purpose.

## III. CONCLUSION

For all of the reasons set forth above, plaintiff's third and fourth motions to compel discovery (Dkt. ##35, 36) are GRANTED IN PART AND DENIED IN PART as set forth above. Defendants must provide the additional information and documents set forth above, and the documents they agreed to produce during the parties' conference, within twenty days of the date of this order.

DATED this 23rd day of July, 2007.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[4] Plaintiff also alleges that the bridge of the machine was not fully raised when he inspected it, in contrast to its position at the time of the accident. Luhrs Decl. at ¶ 18. Defendant did not respond to that contention. During the subsequent inspection, plaintiff may inspect the machine with the bridge fully raised.

ORDER REGARDING MOTIONS TO COMPEL - 7